Good morning. May it please the Court, my name is Benjamin Glickman, pro bono counsel for Petitioner Roberto Carlos Garcia. With me is my colleague Sarah Brown. We plan to split our time such that I will address the merits of Mr. Garcia's petition and Ms. Brown will address the government's request for a remand to the BIA. We intend to reserve one minute for rebuttal and will watch the clock to that effect. Do you really think you need to talk about the merits? Since it seems to me the government has only made an argument even if they made one in passing and inadequately briefed? I would agree with that wholeheartedly. Nonetheless, I think it's within the Court's power to address the merits even though, you know, the record is what the record is and the law is what the law is. So I think the Court could address the merits if it chose to and I'd be happy to address the merits if the Court so desired. But if you don't think it's necessary, a smarter man than me told me to sit down. I don't know that I have the power to say sit down, but I just thought that Maldonado v. Morales was pretty convincing based on what the government had said. And I would agree and that's why we put it in our brief. So with that, I'll just sum up briefly. I think the record of conviction in this case is insufficient to establish by clear, unequivocal and convincing evidence that Mr. Garcia pled guilty or was convicted of a generic theft offense. And for that reason, he's not removable for having committed an aggravated felony. The indictment, as I understand your argument, is that the indictment merely recites the statutory language? That's correct. It's virtually identical to the indictment in both Vidal and the Pannulli R cases of this Court. And the government's been given a lot of time to go find some documents to suggest anything different than that in their argument and they haven't got it done? That's correct. And police reports are not adequate or acceptable for review? Police reports can't be considered under the modified categorical approach absent the petitioner's assent to the facts. And in this case, the police report actually charges an entirely different crime. So if there's no further questions, I'll yield the time to my colleague. I don't have any questions. Okay. Thank you, Mr. Flippen, for that insightful testimony. Good morning. The government has never contested Mr. Garcia's argument that the BIA erred in affirming the order of removal. Instead, the government is and has been fixated on having the case remanded to the BIA so that the BIA can apply Pannulli R to Mr. Garcia's record, a task well within the jurisdiction of this Court. If there's been a change in the law that would arguably allow for presentation of a different set of documents, shouldn't we remand under those circumstances? So, yes, Your Honor. Under those circumstances, I would agree that remand would be appropriate. However, it's different because this is different because the case at issue, Pannulli R, was precedent at the time of the BIA's decision. We found instances where the BIA had actually cited to Pannulli R during the time period of our client's appeal to the BIA. And nonetheless, Pannulli R does nothing more than apply Vidal to the same facts as we have facing the Court. And Vidal has been precedent for quite a long time. So there has been no intervening legal authority. So that argument for remand is not sufficient. Do you have an understanding of what additional documents or information would be available to the government if this matter were remanded? Your Honor, I certainly do not. The most we've been told is that some other documents might be able to be requested. And we've never been informed of what those documents might be, what relevance they might have, or why it is that they're now suddenly available but were not available three years ago. It's my understanding that all of the relevant documents to this case were available at the time the government noticed Mr. Garcia of its intent to have him removed. So there haven't been any new documents entered in his conviction since then. And the record is complete with his abstract of judgment, the minute order, and the plea colloquy. So I'm not sure what else they could give us. How do you plead the guilt? How do you plead the count one guilty? That's it. Right. So the record is as complete as it's going to be. It's the same record that the BIA addressed in its opinion when it already applied the modified categorical approach, which is what we're asking the Court to apply here. Petitioner's position is that the BIA made an error when it applied the modified categorical approach. So we've brought it to this Court so that you can correct that error. So the government's been undeterred also by two previous denials of its request to remand. It requested a remand from this Court, and it requested a remand to the BIA directly and was denied twice. And despite that, the respondent continues to focus on the very same remand arguments. The government admits that the sole issue in the petition is the remand is appropriate. As I mentioned, remand is inappropriate for three reasons. First, as we discussed, the BIA has already addressed the legal issue. Second, as the Court has already raised, there has been no intervening legal authority. And third, the record is conceivably complete. All the documents regarding Mr. Garcia's conviction were available at the time the government filed its notice of removal. The immigration court itself gave the government two continuances in order to gather any additional records it could find to supplement the records so that it would be sufficient as the immigration court applied the modified categorical approach. And at the time that the government submitted those records, it said that it had found what it was looking for, and it had no other requests for documents outstanding. So it the record makes pretty clear that all the documents that were available are on the record already. The government's arguments regarding remand simply do not withstand scrutiny. There is As in Fernandez's release, the evidence in the record either supports a finding of removability or it does not, and no further agency expertise is required. Therefore, if the Court finds that Mr. Garcia's conviction was not an aggravated felony, as we hope that it will, then there are no grounds for removability. The BIA has nothing left to do but terminate proceedings, and quite frankly, the government should have requested that they do so long ago. As such, Mr. Garcia requests that the Court grant the petition, vacate the BIA's order, and remand with instructions to terminate the proceedings. And if the Court has any other questions, I'd be happy to take them. Otherwise, I'll reserve for rebuttal. I don't think so. Thank you. Good morning. My name is Jacob Bashoroff, and I'm here on behalf of the Attorney General of the United States. We request that the incident case will be remanded to the Board to apply the precedent, the Ninth Circuit precedent in Pannuller, which governs this petition for review. When it is not clear from the Board's decision what legal standard was applied, the Court cannot adequately review the incident petition. I beg your pardon, Your Honor? What's there to review? Well, Your Honor, what appears here is that the Board applied the standard that was distinguished in Pannuller. Ortega was not the governing precedent, and Pannuller is the precedent that governs this petition for review. Right. So what would happen if it went back? We don't feel confident that the Board provided sufficient analysis that can be sustained by this Court. Maybe I can ask the question differently. Straight up, under Pannuller, how in the world do you have a shot? Well, here's Pannuller and Vidal. There are two cases that discussed 10-851. Vidal discussed it in context. Charges in this case are identical. That's correct, Your Honor. Well, the issue in Vidal was addressed in context of People v. West, and specifically that was one of the concerns that the en banc panel in Vidal expressed. Pannuller did not address what kind of plea was in that case. In this case, we also don't know whether Petitioner entered a plea pursuant to People v. West. We have a plea. We also have an evidence that you I mean, every chance in the world has been afforded to make a record that would  Yes, Your Honor. So what is the basis on which the government says it should have, what, a third or fourth or fifth chance to find something else? What else could be found? Well, Your Honor, one of the things that I would like to proffer to the Court, I was finally contacted by my client, the Immigration and Customs Enforcement. They indicated to me that they believed that no further evidence would be forthcoming. It was a week before I actually went to argue the incident case. So the only, I guess, issue in the incident case that we believe justifies remand is application of Pannuller and discussion of the evidence the way it was presented. We don't feel confident that, as I guess I'm repeating myself, that the board's analysis is adequate for the court to provide an adequate review. Well, why is that within the BIA's expertise as opposed to the circuit court? Well, as I pointed out, one of the things that Vidal relied on, it was a written plea and it was a written plea and it was a complaint. A plea was entered pursuant to People v. West. The court addressed in the context, addressed Vidal's conviction in the context of People v. West, which includes less included charges. Also, in Pannuller, the court did not address People v. West and that it was presented with abstract and the complaint. In the incident case, we have evidence that is different from the two cases that I just mentioned. What I'm trying to say is that the board has an expertise to analyze the evidence the way it was presented and apply the correct legal standard so that it would afford a deference under the Immigration Nationality Act. And so that's what the government's position is. The question is whether or not, whether or not the offense committed by Mr. Garcia, the offense is, and it constituted an aggravated or a violent felony, right, an aggravated felony. That's correct. Okay. And isn't that analysis, the kind of analysis that this Court engages in all the time as opposed to the BIA, which has its expertise in other, in other areas? Yes, Your Honor. And you're not going to send it back for more evidence. There isn't any more evidence. That's correct, Your Honor. Okay. I guess, don't we have de novo review over this issue? Yes, Your Honor. And no more evidence, no change in the case law. So you're just, I'm still trying to figure out why the government put all of its eggs in the basket of remand. Yeah. Why didn't you just argue to us? Well, we felt uncomfortable to argue Pannulla in the, because, well, one reason being is the board did not address that, and it relied on the precedent that was distinguished in Pannulla. But you do agree that Pannulla, and I'm from Idaho, so I say it funny, but Pannulla, you agree that was on the books at the time, right? Yes, Your Honor. We haven't had any change in the law. We haven't got any new evidence. We got de novo review, and yet you put all your eggs in the basket of send it back. Well, Your Honor, with respect of changes in the law, I would like to point out to the en banc decision in Snellenburger. And in Snellenburger, we have a situation where the evidence presented, which was the state court clerk's minute, was found to be adequate to support a conviction for burglary under, well, a petition in that case. In Snellenburger, the whole thing was abstracted judgment, which is not applicable here. Well, Your Honor, it is akin to the record. We believe that it is akin to the record in the incident case. So what we think is that one of the. . . Well, Your Honor. .
judges: Leighton, Rymer, Smith N. R.